Coös,
April 1, 1930.

STATE *v.* BERLIN STREET RAILWAY.

*Ralph W. Davis,* attorney-general, and *Jennie Blanche Newhall,* for the state.

*Jesse F. Libby* and *Harry G. Noyes,* for the defendant.

MARBLE, J. The state does not question the sufficiency of the evidence to sustain the findings of the public service commission,

but contends that the exemption granted the defendant is a special one and therefore invalid under the rule of *Eyers Woolen Co.* v. *Gilsum, ante,* 1.

The statutory provisions authorizing the exemption (P. L., c. 69, ss. 28-31) are as follows:

"28. STREET RAILWAYS. Any corporation owning or operating a street railway property within this state, which is incapable under proper management of earning sufficient money to pay its operating expenses and fixed charges, including taxes and excluding interest on its indebtedness, and to provide for the necessary repairs and maintenance of its properties and adequate reserves for depreciation thereof, may be exempted from the payment of taxes to the extent and subject to the limitations of the following sections.

"29. PETITION. Any such corporation may apply to the public service commission by written petition to determine the facts upon which such tax exemption depends and to certify such facts to the tax commission.

"30. HEARING. Thereupon the public service commission, after such notice as it may consider proper to the tax commission and the attorney-general, shall hear all parties desiring to be heard and shall make such further investigation, if any, as it may consider proper.

"31. CERTIFICATE. If the public service commission shall, on or before September fifteenth in any year, file with the tax commission a certificate that any such street railway property has failed during the preceding calendar year or later period of twelve months to earn the amounts specified in section 28, and that in the opinion of the public service commission such property is unable during the current calendar or fiscal year to earn such amounts, then the property and estate within the state owned or operated by such corporation in its ordinary business as a street railway shall not be taxed the same year in which such certificate shall be filed."

Obviously these provisions do not confer a gratuity upon a particular corporation, as was the case in *Eyers Woolen Co.* v. *Gilsum,* but apply generally to all street railways that are unable to earn operating expenses and fixed charges. "As to general exemptions, there is no limitation of the legislative power, save those applying to all classifications of property as taxable or non-taxable. If the distinction made is a reasonable one, in the sense that it may be deemed to be just, it is sufficient. *Opinion of the Court,* 4 N. H. 565, 569, 570." *Opinion of the Justices,* 82 N. H. 561, 573.

Under the broad terms of the statute authorizing abatement "for

good cause shown" poverty and misfortune have long been regarded as just grounds of relief. *Briggs' Petition*, 29 N. H. 547; *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 459. And in the recent advisory opinion of this court (*Opinion of the Justices, post,*) the fact that "the exempted party is too poor to pay" is recognized as a reasonable basis for a general exemption under the provisions of a proposed income-tax law.

The constitutionality of the statute under consideration is therefore beyond doubt.

In this view of the case it is unnecessary to determine whether the exemption is not also sustainable as a valid exercise of the protective power of the state in aid of a public enterprise. *Perry* v. *Keene*, 56 N. H. 514, 539, 540, 543; *Canaan* v. *District*, 74 N. H. 517, 547; *State* v. *Railroad*, 75 N. H. 327, 337.

*Appeal dismissed.*

All concurred.